J-S36024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GREGORY MCCRAE, | |
| Appellant | No. 3530 EDA 2016 |

Appeal from the PCRA Order of February 23, 2011
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0400421-1997

BEFORE:  PANELLA, J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 14, 2017**

Appellant, Gregory McCrae, appeals *pro se* from the order entered on February 23, 2011, which dismissed his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On March 8, 1998, a jury found Appellant guilty of aggravated assault, possession of an instrument of crime, and recklessly endangering another person; on April 17, 1998, the trial court sentenced Appellant to serve an aggregate term of 12 ½ to 25 years in prison for his convictions.  We affirmed Appellant's judgment of sentence on December 1, 1999 and Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.  ***Commonwealth v. McCrae***, 750 A.2d 371 (Pa. Super. 1999) (unpublished memorandum) at 1-8.

On October 24, 2000, Appellant filed his first PCRA petition. Following the appointment of counsel, the PCRA court dismissed Appellant's PCRA petition on April 24, 2002. PCRA Court Order, 4/24/02, at 1. We affirmed the PCRA court's order on May 20, 2004 and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on September 13, 2005. ***Commonwealth v. McCrae***, 855 A.2d 134 (Pa. Super. 2004) (unpublished memorandum) at 1-15, *appeal denied*, 882 A.2d 1005 (Pa. 2005).

On December 17, 2009, Appellant filed his second PCRA petition, which he titled a "motion to correct illegal sentence." Within the petition, Appellant claimed that his sentence for aggravated assault is "illegal" because, in fashioning the sentence, the trial court "concentrated too greatly on the principle of revenge and protection of the public." Appellant's Second PCRA Petition, 12/17/09, at 1-3. The PCRA court issued its Rule 907 notice on November 15, 2010 and the PCRA court finally dismissed Appellant's PCRA petition on February 23, 2011.

On April 21, 2011, Appellant filed a third PCRA petition, wherein Appellant claimed that he did not receive notice that the PCRA court dismissed his second PCRA petition. On October 14, 2016, the PCRA court concluded that Appellant "did not receive formal notice of the PCRA court's dismissal order dated February 23, 2011." PCRA Court Order, 10/14/16, at 1. Therefore, the PCRA court ordered that Appellant's right to file a notice of appeal from the dismissal of his second PCRA petition was reinstated *nunc*

*pro tunc*. **Id.** Appellant filed a timely notice of appeal on October 26, 2016. We now affirm the dismissal of Appellant's patently untimely, serial PCRA petition.

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." **Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we are able to consider any of the underlying claims. **Commonwealth v. Yarris**, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. **See**, **e.g.**, **Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); **Commonwealth v. Fahy**, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our

subject matter jurisdiction and ability to grant the requested relief.

***Commonwealth v. Whitney***, 817 A.2d 473, 475-476 (Pa. 2003).

Appellant's judgment of sentence became final at the end of the day on December 31, 1999, which was 30 days after this Court affirmed Appellant's judgment of sentence and the time for filing a petition for allowance of appeal with our Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3) ("A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States …, or at the expiration of time for seeking the review"); ***see also*** Pa.R.A.P. 1113(a). The PCRA explicitly requires that a petition be filed "within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). As Appellant did not file his current petition until December 17, 2009, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Appellant did not attempt to plead any exception to the PCRA's one-year time-bar. Thus, Appellant's petition is time-barred and our "courts are without jurisdiction to offer [Appellant] any form of relief." ***Commonwealth***

*v. Jackson*, 30 A.3d 516, 523 (Pa. Super. 2011). Therefore, we affirm the PCRA court's order dismissing Appellant's second PCRA petition.[1]

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/14/2017

---

[1] To the extent Appellant claims that his illegal sentencing claim is non-waivable, we note that, in **Commonwealth v. Fahy**, our Supreme Court held: "[a]lthough legality of sentence is always subject to review within the PCRA, **claims must still first satisfy the PCRA's time limits or one of the exceptions thereto**." **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) (emphasis added).